## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| REGENT INSURANCE CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-02602-RWS |
| FINDLAY ROOFING & | : | |
| CONSTRUCTION, INC., and | : | |
| MICHELE BLUMENGOLD, | : | |
| Individually and Legal Guardian | : | |
| and Custodian of ADAM | : | |
| BLUMENGOLD and SETH | : | |
| BLUMENGOLD, Minors, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Plaintiff's Motion for Default Judgment [11] and Defendant's Motion to Set Aside the Entry of Default and Motion to Permit Filing of Responsive Pleadings Out of Time [10].  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Default Judgment and **DENIES** Defendant's Motion to Set Aside the Entry of Default and Motion to Permit Filing Responsive Pleadings Out of Time.

### Factual Background

This declaratory judgment action arises out of a previous lawsuit to recover

damages from a car accident.  On September 28, 2015, James Zuniga, an employee

of Findlay Roofing Inc. ("Findlay"), and Michelle, Adam, and Seth Blumengold

("the Blumengolds") were involved in an automobile accident.  (Compl., Dkt. [1]

¶ 13.)  On January 4, 2016, the Blumengolds filed a lawsuit ("the underlying

lawsuit") in the Superior Court of Cobb County against Zuniga and Findlay.  (Id.

¶ 17.)  The summons and complaint were served on Emily Bishop, Findlay's

registered agent, on January 12, 2016.  (Compl. Ex. C, Dkt. [1-5])

Findlay failed to respond to the Complaint, leading the Blumengolds to file

a Motion for Default Judgment on February 29, 2016 and serve Bishop with a

copy of the same.  (Compl. Ex. E., Dkt. [1-7] at 4)  On April 18, 2016, more than

three months after the original service of process and a month and a half after the

filing of the Motion for Default Judgment, the Blumengolds faxed a courtesy copy

of the complaint to Plaintiff Regent Insurance Company ("Regent").  (Compl.,

Dkt. [1] ¶ 24.)  The Superior Court of Cobb County granted the Motion for

Default Judgment on May 24, 2016, and scheduled a damages hearing for July 21,

2016.  (Def.'s Mot. to Set Aside Default, Dkt. [10] at 3.)  Bishop received notice

of the hearing and this time informed Findlay of the proceedings.  (Id.).  Findlay

contacted Regent who retained counsel to represent Findlay at the damages

hearing.  (Id.)  Prior to the hearing, the parties to the underlying lawsuit reached a

2

Consent Judgment resolving the case.  (Id.)

On July 14, 2016, Regent sent a Reservation of Rights Letter to Findlay informing Findlay that Regent reserved the right to challenge coverage for the claim in the underlying lawsuit because of Findlay's failure to comply with the Insurance Policy and O.C.G.A. § 33-7-15.  (Compl. Ex. G, Dkt. [1-9] at 3–5.) Four days later, Regent filed the present suit seeking a declaratory judgment against Findlay for non-coverage under the Commercial Automobile Policy No. CBA 09658797 ("the Insurance Policy").  (Compl. Ex. A, Dkt. [1-1].)  Regent alleges that Findlay breached the Insurance Policy and violated O.C.G.A. § 33-7-15 (Counts I–II), both of which required Findlay to provide Plaintiff with notice of any summons.  (Compl., Dkt. [1] ¶¶ 35–59.)

The Insurance Policy, which comports with the requirements of O.C.G.A. § 33-7-15, provides that Regent has no duty to provide coverage under the policy if there is a failure to immediately send Regent copies of any "request, demand, order, notice, summons, or legal paper received concerning the claim or suit."  (Id. ¶ 34; Compl. Ex A., Dkt. [1-1] at 23 (internal quotations omitted).)

The Complaint was properly served on Bishop on August 25, 2016, and Findlay again failed to answer within twenty-one days.  (Aff. of Service, Dkt. [5]; Pl.'s Mot. for Default J., Dkt. [11] at 3.)  On November 14, 2016, the Clerk

entered a default against Findlay for the present suit.  (Pl's Mot. for Default J.,
Dkt. [11] at 3.)  That same day, Bishop emailed a copy of Plaintiff's Motion for
Entry of Default to Findlay.  (Def.'s Mot. to Set Aside Default, Dkt. [10] at 4.)
Four days later Findlay filed its first Answer and Counterclaim for either suit as
well as a Motion to Set Aside Default.  (Dkt. [9, 10].)  Findlay alleges it was not
informed of either suit by its registered agent until after defaults had been entered
and thus could not inform Regent.  (Answer, Dkt. [9] ¶¶ 43–60.)  Findlay also
contends that the courtesy copy of the complaint sent to Regent by the
Blumengolds served as the necessary notice under O.C.G.A. § 33-7-15 and the
Insurance Policy.  (Id.)

## Discussion

Under Rule 55(c), the Court may set aside a default if the defaulting party
can show "good cause."  FED. R. CIV. P. 55(c); Insituform Tech. Inc. v. Amerik
Supplies, Inc., 588 F.Supp.2d 1349, 1352 (N.D. Ga. 2008) (burden of proof on
defaulting party).  Federal courts treat defaults unfavorably, preferring a trial on
the merits to resolve disputes.  Compania Interamericana Exp.-Imp., S.A. v.
Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).
Consequently, "good cause" is a "mutable" standard that is liberally applied "but
not so elastic as to be devoid of substance."  Id.

4

In determining whether "good cause" exists, courts focus on three factors: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense." Ritts v. Dealers Alliance Credit Corp., 989 F.Supp. 1475, 1480 (N.D. Ga. 1997). Courts have also considered "whether the defaulting party acted promptly to correct the default." Compania Interamericana, 88 F.3d at 951. The factors are used to identify the circumstances leading to the default, but when a party "willfully defaults by displaying either an intentional or reckless disregard for the judicial proceeding, the court need make no other findings in denying relief." Id. at 951–52.

Findlay failed to answer Plaintiff's complaint as required by the Federal Rules of Civil Procedure. Rule 12 requires parties to respond within twenty-one days of being served with a summons and complaint. FED. R. CIV. P. 12(a)(1)(B). Findlay was served with a copy of the summons and complaint through its registered agent, Emily Bishop, on August 25, 2016. (Aff. of Service, Dkt. [5].) The failure to answer by September 15, 2016, led to the entering of default by the clerk on November 14, 2016, in accordance with Rule 55. Findlay claims this is when it was informed of the suit, and it subsequently filed an answer, counterclaim, and motion to set aside the default on November 18, 2016.

Findlay argues that it has a meritorious defense based on the Insurance Policy. Findlay admits it did not provide Regent with a copy of the summons and complaint before default judgment in the underlying suit. (Answer, Dkt. [9] ¶ 44.) They instead rely on the courtesy copy of the summons sent to Regent by the victim of the crash on April 18, 2016, as providing notice. (Id. ¶ 45.) O.C.G.A. § 33-7-15(c) allows the insured to forgo notice to the insurer if a third party provides notice by summons or other process within ten days of filing with the clerk and at least thirty days before a judgment. Although Regent received notice thirty-six days before the default judgment was entered on May 24, 2016, the notice came more than three months after the original complaint was filed in state court, far exceeding the ten-day limit. Because neither Findlay nor the victim provided timely notice to Regent regarding the underlying lawsuit, Regent is relieved from its duty to provide coverage according to the Insurance Policy.[1]

Without the substitute notice given to Regent by the victim, Findlay's defenses in the present action are reduced to general denials. These defenses are insufficient because "it is well settled that general denials and conclusive statements are insufficient to establish a meritorious defense; the movant must

---

[1] The Insurance Policy substantially mirrors the requirements of O.C.G.A. § 33-7-15, and therefore even under the Insurance Policy the third party notice to Plaintiff is insufficient.

present a factual basis for its claim." Turner Broad. Sys., Inc. v. Sanyo Elec. Inc.,

33 B.R. 996, 1002 (N.D. Ga., 1983) (citing Moldwood Corp. v. Stutts, 410 F.2d

351, 352 (5th Cir. 1969)).  For these reasons Findlay has failed to carry its burden

to show the Court any meritorious defenses.

Since Findlay does not have a meritorious defense, Regent will be

prejudiced if the default is set aside.  Turner Broad., 33 B.R. at 1003 (concluding

that forcing a plaintiff to continue to litigate a suit against a defendant in default

and without any meritorious defenses "unduly prejudices the plaintiff").  When no

meritorious defense exists, the delay in vindicating the plaintiff's rights and

plaintiff's expenses in continuing the litigation amount to undue prejudice.

Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 235 (N.D. Ga. 1975).  In Turner

Broadcasting, the Court found the defaulting party lacked any meritorious

defenses and thus Turner would be prejudiced by continuing to litigate the suit.

Turner Broad., 33 B.R. at 1003.  The same reasoning applies here.  To force

Regent to continue litigating this declaratory judgment action while Findlay has no

viable defenses would serve to prejudice Regent.

Findlay relies primarily on the contention that its failure to respond was not

willful because its representatives did not receive notice of the suit until

November 14, 2016.  (Def.'s Mot. to Set Aside Default, Dkt. [10] at 4.)  The lack

7

of notice was apparently caused by "administrative" errors between Findlay and its

registered agent.  (Id.)  This argument fails to acknowledge that Findlay's

representative did in fact receive notice when the summons and complaint were

served on her on August 25, 2016.  Rule 4(h)(1)(B) clearly states that service upon

a corporation's registered agent is a valid method of service.  FED. R. CIV. P.

4(h)(1)(B).

Moreover, this is the second time Findlay failed to respond after service of

process on its registered agent.  In the underlying lawsuit, Findlay neglected to

make any response until nearly six months had passed from the original service on

January 12, 2016 because its registered agent failed to forward the summons and

complaint to Findlay.  In the present case, Findlay's registered agent again failed

to forward the summons and complaint she received on August 25, 2016.  A single

instance of administrative error might be overlooked, but making the same mistake

twice during the same dispute cannot. See also Compania Interamericana, 88 F.3d

951–52 (affirming trial court's decision to not set aside default where the

defaulting party failed to comply with court orders due to administrative

difficulties within a state-run corporation and political unrest in the Dominican

Republic government).  Additionally, the Reservation of Rights letter, sent to

Findlay by Regent on July 14, 2016, explaining the lack of coverage should have

alerted Findlay to the possibility of this declaratory judgment action.

The single factor supporting Findlay's motion is its legal counsel's quick filing of responsive pleadings once they were sent a copy of Plaintiff's Motion for Entry of Default by the registered agent on November 14, 2016.  Nevertheless, Findlay's answer was due two months earlier on September 15, 2016.  The rapid response is not enough to overcome Findlay's lack of any meritorious defenses, disregard of two services of process on its registered agent, and the prejudice facing Regent if the default were to be set aside. Therefore, the Court finds that Findlay has failed to establish good cause to set aside the default and ORDERS that the Clerk enter Judgment in favor of Plaintiff and against Defendant Findlay Roofing & Construction, Inc. concluding that Plaintiff has no obligation to pay any judgment entered against Findlay in connection with the Blumengolds' underlying lawsuit or any damages sought by Michele Blumengold, individually or as legal guardian and custodian of Adam Blumengold and Seth Blumengold, because Findlay failed to comply with the requirements of  O.C.G.A. § 33-7-15 and the Insurance Policy.

## Conclusion

For the foregoing reasons, Defendant's Motion to Set Aside Entry of Default and Motion to Permit Filing of Responsive Pleadings Out of Time [10] is

**DENIED**.  Plaintiff's Motion for Default Judgment [11] is **GRANTED**.

**SO ORDERED**, this 31st day of January, 2017.

_____
**RICHARD W. STORY**
United States District Judge